IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CISION US, INC., | ) |
| Plaintiff | ) ) ) |
| v. | ) ) C.A. No. 24-00063-MN-SRF |
| CAPTECH VENTURES, INC. and RSM US LLP, | ) ) ) |
| Defendants. | ) ) ) |

Gaston P. Loomis, McElroy, Deutsch, Mulvaney & Carpenter, LLP, Wilmington, DE.

   Attorney for Plaintiff.

Peter J. Walsh, Andrew Moshos, Potter Anderson & Corroon, LLP, Wilmington, DE.

   Attorneys for Defendant, CapTech Ventures, Inc.

**MEMORANDUM OPINION**

April 11, 2025
Wilmington, Delaware

**FALLON, U.S. MAGISTRATE JUDGE:**

On January 17, 2024, Plaintiff, Cision US, Inc., ("Cision") filed a Complaint against Defendants, CapTech Ventures, Inc. ("CapTech") and RSM US LLP ("RSM"). (D.I. 1) On April 5, 2024, Defendant RSM was voluntarily dismissed from the suit without prejudice. (D.I. 15)[1] The Complaint alleges breach of contract (Count II), breach of warranty (Count IV), unjust enrichment (Count VI), and breach of implied covenant of good faith and fair dealing (Count VIII) by CapTech. (D.I. 1 at ¶¶ 47–101)

On March 8, 2024, CapTech filed a motion pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Cision's Complaint. (D.I. 6)[2] For the reasons set forth below, CapTech's motion to dismiss is **GRANTED**.

**I.     JURISDICTION**

On September 5, 2024, the parties consented to have the undersigned Magistrate Judge resolve this motion to dismiss and enter a final order upon its disposition. (D.I. 22) This court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a).

**II.    BACKGROUND**

This matter arises from a contract dispute concerning technical services and deliverables CapTech contracted to provide for Cision's sale processes, customer relationship management, and human resource information systems. (D.I. 1 at ¶¶ 8–31)

---

[1] Cision dismissed Defendant RSM without prejudice based upon the lack of diversity for purposes of subject matter jurisdiction in this court. Cision continues to pursue its claims against RSM in the Superior Court of the State of Delaware. *RSM US LLP v. Cision US Inc.*, C.A. No. N24C-02-178 MAA CCLD. RSM's dismissal further moots Plaintiff's claim for joint and several liability against Defendants CapTech and RSM in Count IX.

[2] The briefing submitted for this motion can be found at D.I. 7, D.I. 18, and D.I. 20, with supplemental authority provided at D.I. 25.

On April 6, 2020, Cision and CapTech entered into a Professional Services Agreement ("PSA"), with an effective date of March 30, 2020. (D.I. 1 at ¶ 18; D.I. 1-5)[3] CapTech agreed to provide services and deliverables as defined in the CapTech PSA. The PSA included a Statement of Work ("SOW"), that identified the services and deliverables CapTech agreed to provide, with a conclusion of work set for April 30, 2020. (D.I. 1 at ¶ 19; D.I. 1-5) On May 28, 2020, Cision and CapTech entered into a second Statement of Work ("CapTech SOW #2"), which, as amended, provided the work would conclude on January 29, 2021. (D.I. 1 at ¶ 23; D.I. 1-6) On September 14, 2020, Cision and CapTech entered into a third Statement of Work ("CapTech SOW #3"), which provided the work would conclude on October 9, 2020. (D.I. 1 at ¶ 26; D.I. 1-7) On December 2, 2020, Cision and CapTech entered into a fourth Statement of Work ("CapTech SOW #4"), which provided the work would conclude on December 18, 2020. (D.I. 1 at ¶ 28; D.I. 1-8) On May 4, 2021, Cision and CapTech entered into a fifth Statement of Work ("CapTech SOW #5"), which provided the work would conclude on July 2, 2021. (D.I. 1 at ¶ 30; D.I. 1-9)[4]

Cision alleges that CapTech did not provide the services and deliverables as warranted. Cision alleges they were deficient, did not conform to industry standards, contained substantial defects, were not completed in time, and did not satisfy the terms of the CapTech Agreements. (D.I. 1 at ¶¶ 8–31)

---

[3] The facts herein are incorporated from the Complaint (D.I. 1), which the court views in the light most favorable to the plaintiff on a motion to dismiss. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 790–91 (3d Cir. 2016).

[4] For purposes of this motion, the CapTech PSA, the CapTech SOW #1, the CapTech SOW #2, the CapTech SOW #3, the CapTech SOW #4, and the CapTech SOW #5 are collectively referred to as the "CapTech Agreements."

Cision filed this action in the District of Delaware on January 17, 2024. (*See* D.I. 1) CapTech moves to dismiss each of the four counts against it on the basis that they fail to state a claim, are conclusory, and duplicative of one another. (*See* D.I. 7)

## III.  LEGAL STANDARD

Rule 12(b)(6) permits a party to seek dismissal of a complaint for failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). To state a claim pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). In assessing the plausibility of a claim, the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). The court may disregard any legal conclusions. *Id.* at 210–11. A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555–56.

The court's determination is not whether the non-moving party "will ultimately prevail," but whether that party is "entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal citations and quotation marks omitted). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at

4

556). "[A] complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the merits." *Id.* at 231.

## IV. DISCUSSION

CapTech argues that the Complaint should be dismissed because Cision fails to state facts which plausibly support each of its claims and the claims are duplicative. (D.I. 7) CapTech does not dispute that Cision may seek leave to amend its Complaint to correct the alleged pleading deficiencies. (*See id.* at 9)

In support of its motion to dismiss, CapTech provided the recent ruling of the Superior Court of the State of Delaware in the parallel proceeding in which Cision is pursuing four substantially identical claims against RSM. (D.I. 25) In, *RSM US LLP v. Cision US Inc.*, C.A. No. N24C-02-178 MAA CCLD (Del. Super. Ct. Feb. 6, 2025) (TRANSCRIPT), *rearg. denied*, 2025 WL 819123 (Del. Super. Ct. Mar. 14, 2025), the Superior Court issued a bench ruling dismissing Cision's cross complaint for breach of the implied covenant, unjust enrichment, and breach of contract, without leave to amend. The court found that the breach of contract claim was duplicative of the breach of warranty claim and the implied covenant and unjust enrichment claims were baseless if both parties agreed a contract was in place. (D.I. 25-1 at 27:14–29:18) The court also dismissed the breach of warranty count for failure to state a claim but granted Cision leave to amend that claim. (*Id.* at 28:12–29:9)

### A. Breach of Contract – Count II

CapTech argues in its opening brief that Cision's Complaint recites the operative agreements but fails to plausibly allege or even provide an example illustrating how CapTech breached the terms of the PSA. (D.I. 7 at 4–5) Cision argues in opposition that it has plausibly pled its claim for breach of contract which it is not mandated to prove at this stage of the case. (D.I. 18 at 6)

5

To state a claim for breach of contract under Delaware law, Cision must plead facts plausibly alleging: (1) the existence of a contract; (2) the breach of an obligation imposed by that contract; and (3) resulting damages. *Greenstar, LLC v. Heller*, 814 F. Supp. 2d 444 (D. Del. 2011) (citing *WaveDivision Holdings, LLC v. Millennium Digital Media Sys., L.L.C.*, 2010 WL 3706624, at *13 (Del. Ch. Sept. 17, 2010)).

It is undisputed that the CapTech Agreements are valid contracts between the parties. (D.I. 7 at 5) Nonetheless, Cision's Complaint lacks any factual averments about the terms of the CapTech Agreements that were purportedly breached and how CapTech breached those terms.

Cision alleges, "CapTech breached the CapTech Agreement by failing and refusing to perform in accordance with the terms and obligations set forth in the CapTech Agreement." (D.I. 1 at ¶ 50) It further alleges that, "[t]o date, CapTech and RSM have continued to fail and refuse to perform in accordance with its contractual obligations set forth in the CapTech Agreement and RSM Agreement, respectively." (*Id.* at ¶ 38)

Cision supports its claim by reciting the terms of the CapTech Agreements and summarily concluding that these agreements were breached without any averment of how or when the breach occurred. Cision provides no more than conclusory statements that the contracts were breached, without providing any additional details. On a motion to dismiss, the court may disregard legal conclusions unsupported by factual averments. *Fowler*, 578 F.3d at 210–11.

Moreover, for the reasons discussed in Section IV.B, *infra*, the breach of contract claim is duplicative of the breach of warranty claim. While alternative theories may be pled, the law is well-established in Delaware that when a party alleges a breach of contract and breach of warranty claim based on the same contractual provisions and facts, one claim may be dismissed as duplicative of the other. *Osram Sylvania Inc. v. Townsend Ventures, LLC*, 2013 WL 6199554,

at *6 (Del. Ch. Nov. 19, 2013) (dismissing a breach of warranty claim when the breach of contract claim was based upon the same factual allegations and theories).

Accordingly, Count II of Cision's Complaint is dismissed without prejudice.

### B. Breach of Warranty – Count IV

CapTech next moves to dismiss Cision's breach of warranty claim because it lacks factual averments sufficient to put CapTech on notice of the defects in its deliverables or deficiencies in performance of services within the warranty period. Moreover, CapTech argues that Cision failed to timely notify CapTech of the alleged breach within the 180-day warranty period pursuant to the PSA. (D.I. 7 at 11) Cision argues in opposition that nothing in the CapTech Agreements requires it to give notice of a warranty claim during the 180-day warranty period. (D.I. 18 at 6) Cision admits that the PSA requires notice as follows: "The foregoing warranty is conditioned upon: (a) Cision providing Contractor with prompt written notice of any claim." (D.I. 1 at ¶ 20) Cision contends that the term "prompt" is not defined in the contract, therefore, the timeliness of notice is a question of fact that cannot be resolved at the motion to dismiss stage. (D.I. 18 at 5) CapTech responds that the warranty period expired 180 days following the completion of the work pursuant to SOW #5. (D.I. 20 at 7–8) The work was completed on July 2, 2021, thus, the warranty period expired on December 29, 2021. (*Id.* at 8) CapTech argues that Cision never gave written notice of any alleged breach nor an opportunity to cure the breach until March 2, 2022, months after the expiration of the warranty period. (*Id.* at 9)

It is undisputed that the parties agreed to the following representations and warranties in Section 5 of the PSA:

> With respect to any Contractor Deliverable or Services, Contractor warrants for a period of one hundred and eighty (180) days following the delivery of the particular Deliverable or performance of Services (the "Warranty Period") that (i) the

7

> Services will be provided in a workmanlike manner consistent with applicable industry standards and performed by qualified personnel; and (ii) the Deliverables or Services performed will substantially conform to the technical specifications set forth in the SOW. In the event that any Contractor Deliverables or Service fails to conform to the foregoing warranty in any material respect, Contractor will at its expense, use its commercially reasonable efforts to cure or correct such failure as soon as reasonably practical. If, after repeated attempts or 10 working days, Contractor is unable to cure or correct such failure, Contractor shall refund all amounts paid by Cision for such nonconforming Deliverable or Service. The foregoing warranty is conditioned upon: (a) Cision providing Contractor with prompt written notice of any claim; (b) Cision's cooperation with Contractor in all reasonable respects; (c) the failure not being caused by the use of Deliverables, or any part thereof, in combination with any non-Contractor approved equipment, software, or data, the use of the non-current version of software or in any manner for which the Deliverables were not designed; and (d) the absence of any alteration or other modification by any person or entity other than Contractor. This paragraph, in conjunction with Cision's right to terminate this Agreement for breach where applicable, states the Cision's sole remedy and Contractor's total liability as a result of any warranty claim.

(D.I. 1-5 at ¶ 5) (emphasis removed)

Cision agrees that it was required to give CapTech "prompt written notice" of any claimed breach of warranty. (D.I. 18 at 7) However, Cision fails to allege when it satisfied the notice provision of the PSA. In its answering brief, Cision states that CapTech alleges in its counter-claim that CapTech was notified by Cision on March 2, 2022, of alleged deficiencies in CapTech's performance. (*Id.* at 2–3) The counter-claim allegation cited by Cision states: "Cision never served a written notice of claims or invoked its warranty during the warranty period. Instead, on March 2, 2022, more than a month after receiving a notice of default for non-payment, Cision for the first time raised non-specific complaints about the work product." (D.I. 9 at ¶ 19) Cision stops short of admitting that such notice satisfied its obligation under Section 5 of the PSA. (D.I. 18 at 2–3) Cision further cites to paragraph 64 of its Complaint, which conclusively avers that it "properly noticed" CapTech of the breach in accordance with the PSA. (D.I. 1 at ¶ 64)

To the extent Cision is relying upon arguments in its brief to demonstrate that it satisfied the notice requirement under the PSA, such reliance cannot cure the pleading deficiency in its Complaint. A plaintiff cannot rely on supplemental facts provided outside of its Complaint to survive a motion to dismiss. *Penn. v. Pepsico, Inc.*, 836 F.2d 173, 181 (3d Cir. 1988) ("It is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss."). Cision has not alleged anywhere in its Complaint when it provided the "prompt written notice" required by the PSA and that such notice satisfied the notice requirement under the PSA. (*See* D.I. 1) Moreover, Cision has not attached to its Complaint the written notice it claims to have sent CapTech.

Accordingly, Count IV of Cision's Complaint is dismissed without prejudice.

### C. Unjust Enrichment – Count VI

It is undisputed by the parties that a plaintiff can plead alternative theories. The dispute, here, is not whether alternative pleading is permitted, but whether the unjust enrichment claim is factually supported and not duplicative. (D.I. 18 at 8; D.I. 20 at 6) A claim for unjust enrichment involves "'the unjust retention of a benefit to the loss of another, or the retention of money or property of another against the fundamental principles of justice or equity and good conscience.'" *Windsor I, LLC v. CW Capital Asset Mgmt. LLC*, 238 A.3d 863, 875 (Del. 2020) (quoting *Nemec v. Shrader*, 991 A.2d 1120, 1130 (Del. 2010)). The elements of unjust enrichment are: "(1) an enrichment, (2) an impoverishment, (3) a relation between the enrichment and the impoverishment, (4) the absence of justification, and (5) the absence of a remedy provided by law." *Id.*

In support of the unjust enrichment claim, Cision asserts:

> Cision entered into the PSA and SOWs with CapTech to pay certain sums of money to CapTech in exchange for the performance [sic] certain services and deliverables. In connection with the PSA and SOWs, Cision paid to CapTech certain sums of

9

monies in accordance with its obligations. Cision paid to CapTech sums of monies for services and deliverables that CapTech has failed and is refusing to perform.

(D.I. 1 at ¶ 72–74)

The purpose of an unjust enrichment claim is to allow recovery outside of a formal contract where one party has retained a benefit to the loss of another. *Fannin v. UMTH Land Dev., L.P.*, No. CV 12541-VCF, 2020 WL 4384230, at *26 (Del. Ch. July 31, 2020). Delaware plaintiffs can sue for unjust enrichment only if they lack an adequate remedy at law. *See Ajay Endeavors, Inc. v. Divvymed, LLC*, 2022 WL 605695, at *2 (D. Del. Jan. 10, 2022) (holding a claim for unjust enrichment fails because "a contract already governs the parties' relationship.") (citation omitted). In this case, there is an operative contract, and neither party argues that the contract is invalid. Therefore, the unjust enrichment claim fails to state a claim.

Accordingly, Count VI of Cision's Complaint is dismissed without prejudice.

### D. Implied Covenant of Good Faith and Fair Dealing – Count VIII

Under the implied covenant of good faith and fair dealing, parties to a contract must "refrain from arbitrary or unreasonable conduct which has the effect of preventing the other party to the contract from receiving the fruits of the bargain." *Luster v. PuraCap Labs.*, LLC, C.A. No. 18-503-MN, 2018 WL 6492583, at *2 (D. Del. Dec. 10, 2018). A plaintiff "cannot assert a claim for breach of implied covenants of good faith and fair dealing that is based on exactly the same acts which are said to be in breach of express covenants." *Mosiman*, 2019 WL 203126, at *3 (citation omitted); *see also Intermec IP Corp.*, 2021 WL 3620435, at *20 ("an implied covenant claim will not survive a motion to dismiss if it, in fact, duplicates an express breach-of-contract claim." (internal quotations omitted)). Cision's implied covenant claim is based on the same conduct that underlies its breach of contract and breach of warranty claims, and Cision does not indicate any way in which the factual basis for each claim differs. For that reason,

Cision's claim for breach of the implied covenant of good faith and fair dealing must be dismissed as impermissibly duplicative of its breach of contract and warranty claims. *See Zinetti v. Deutsche Bank Nat'l Tr. Co.*, No. 19-1279, 2020 WL 409725, at *10 (D. Del. Dec. 6, 2022); *Edinburgh Holdings, Inc. v. Educ. Affiliates, Inc.*, No. CV 2017-500, 2018 WL 2727542, at *9 (Del. Ch. June 6, 2018).

Accordingly, Count VIII of Cision's Complaint is dismissed without prejudice.

### E. Leave to Amend

In response to CapTech's motion to dismiss, Cision requests leave to amend its Complaint if the court finds that any of the counts in the Complaint are insufficiently pleaded. This "conclusory remark" is insufficient to support a request for leave to amend the Complaint. *Ranke v. Sanofi-Synthelabo Inc.*, 436 F.3d 197, 206 (3d Cir. 2006); *Perlmutter v. Russell Hobbs, Inc.*, 450 F. App'x 161, 168 (3d Cir. 2011)). Because Cision did not indicate in what ways it would amend its Complaint and further did not attach a proposed amended pleading, as required in Local Rule 15.1, Cision's request for leave to amend its Complaint is DENIED without prejudice as premature. D. Del. LR 15.1. Cision is required to comply with Federal Rule of Civil Procedure 15 and the court's Local Rules to the extent it intends to move for leave to file an amended complaint.

### V. CONCLUSION

For the foregoing reasons, CapTech's motion to dismiss is **GRANTED** and Counts II, IV, VI, and VIII are dismissed without prejudice. To the extent Cision intends to file a motion for leave to amend its Complaint consistent with this court's opinion, it shall file its motion on or before **May 1, 2025.**