IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CISION US, INC., ) | |
| ) | |
| Plaintiff ) | |
| v. ) | |
| ) | C.A. No. 24-00063-MN |
| CAPTECH VENTURES, INC. ) | |
| ) | |
| Defendant. ) | |
| ) | |

## MEMORANDUM ORDER

At Wilmington this **21st** day of **July, 2025**, the court having considered the motion for leave to amend the complaint (D.I. 28), the associated filings (D.I. 29; D.I. 31), and the prior rulings issued in this case (D.I. 26), the motion for leave to amend the complaint is **GRANTED** for the following reasons:

**1. Background.** This matter arises from a contract dispute concerning technical services and deliverables CapTech contracted to provide for Cision's sale processes, customer relationship management, and human resources information systems. (D.I. 1 at ¶¶ 8–31) The parties' respective obligations are detailed in a Professional Services Agreement ("PSA"), and five relevant Statements of Work ("SOW(s)") (D.I. 1 at ¶¶ 18–30; D.I. 1-5) The facts are set forth in detail in the court's Memorandum Opinion of April 11, 2025, (D.I. 26) and are incorporated by reference in this Order.

**2.** The parties consented to my jurisdiction to resolve the motion to dismiss, (D.I. 22) and I granted the motion, dismissing the claims asserted against CapTech for breach of contract, breach of warranty, unjust enrichment, and breach of an implied covenant of good faith and fair dealing. I also granted Cision leave to file a motion to amend its pleading. On May 1, 2025,

Cision filed the pending motion which is opposed by CapTech. This matter was referred to me on May 5, 2025. (D.I. 28) Cision's proposed amendment of its complaint only reasserts claims for breach of contract (Count I) and breach of warranty (Count II). For the reasons which follow, Cision's motion to amend the complaint is **GRANTED**. The Amended Complaint shall be docketed and served on CapTech on or before August 1, 2025.

3. **Legal standard.** Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that the court should freely give leave to amend the pleadings when justice so requires. Fed. R. Civ. P. 15(a)(2). The decision to grant or deny leave to amend lies within the discretion of the court. *See Foman v. Davis*, 371 U.S. 178, 182 (1962); *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). In the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, the amendment should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party. *See Foman*, 371 U.S. at 182; *In re Burlington*, 114 F.3d at 1434. Futility is measured under the same standard applicable to a Rule 12(b)(6) motion to dismiss: "If the complaint, as amended, would not survive a motion to dismiss, leave to amend may be denied as futile." *VLSI Tech. LLC v. Intel Corp.*, C.A. No. 18-966-CFC, 2020 WL 3488584, at *2 (D. Del. June 26, 2020) (quoting *Del. Display Grp. LLC v. Lenovo Grp. Ltd.*, C.A. No. 13-2108-RGA *et al.*, 2016 WL 720977, at *7 (D. Del. Feb. 23, 2016)).

4. **Analysis.** CapTech opposes Cision's amendment of its complaint solely based on futility. It argues that the deficiencies the court found fatal to the original complaint have not been corrected. Namely, CapTech asserts that: (1) the breach of contract and breach of warranty counts remain duplicative; (2) the breach of contract claim relies on conclusory allegations; and (3) the breach of warranty claim fails for lack of timely written notice.

5. The court found the original complaint contained duplicative claims for breach of contract and breach of warranty noting that "[t]he law is well-established in Delaware that when a party alleges a breach of contract and breach of warranty claim based on the same contractual provisions and facts, one claim may be dismissed as duplicative of the other." *Osram Sylvania Inc. v. Townsend Ventures, LLC*, 2013 WL 6199554, at *6 (Del. Ch. Nov. 19, 2013) (dismissing a breach of warranty claim when the breach of contract claim was based upon the same factual allegations and theories). Cision claims it has corrected the duplicative pleading by adding more factual allegations distinguishing its claims for breach of warranty under Section 5 of the PSA from its claims under Section 6 of the PSA for breach of contract.[1]

---

[1] Section 5 provides:

> Representations and Warranties. With respect to any Contractor Deliverable or Services, Contractor warrants for a period of one hundred and eighty (180) days following the delivery of the particular Deliverable or performance of Services (the "Warranty Period") that (i) the Services will be provided in a workmanlike manner consistent with applicable industry standards and performed by qualified personnel; and (ii) the Deliverables or Services performed will substantially conform to the technical specifications set forth in the SOW. In the event that any Contractor Deliverables or Service fails to conform to the foregoing warranty in any material respect, Contractor will at its expense, use its commercially reasonable efforts to cure or correct such failure as soon as reasonably practical. If, after repeated attempts or 10 working days, Contractor is unable to cure or correct such failure, Contractor shall refund all amounts paid by Cision for such nonconforming Deliverable or Service. The foregoing warranty is conditioned upon: (a) Cision providing Contractor with prompt written notice of any claim; (b) Cision's cooperation with Contractor in all reasonable respects; (c) the failure not being caused by the use of Deliverables, or any part thereof, in combination with any non-Contractor approved equipment, software, or data, the use of the non-current version of software or in any manner for which the Deliverables were not designed; and (d) the absence of any alteration or other modification by any person or entity other than Contractor. This paragraph, in conjunction with Cision's right to terminate this Agreement for breach where applicable, states the Cision's sole remedy and Contractor's total liability as a result of any warranty claim.

6. Furthermore, Cision distinguishes the claims based on three categories of services and deliverables. Cision argues that services and deliverables that CapTech never performed or delivered, only partially performed, or were rejected by Cision prior to performance or delivery provide the basis for its breach of contract claim. (D.I. 28 at 3–4) On the other hand, CapTech's services and deliverables that were defective, nonconforming, and otherwise deficient are the basis for Cision's breach of warranty claim. (*Id.* at 4) Lastly, Cision argues that the remedies it seeks for each count differ. Cision claims it incurred damages for breach of contract, such as the cost to remedy CapTech's failure to complete the work, whereas it is seeking a refund or reimbursement for the deficient services and deliverables for its breach of warranty claim. (*Id.* at 2)

7. In assessing futility, the court views the proposed amendment of the pleading through the lens of Rule 12(b)(6). *City of Cambridge Ret. Sys. v. Altisource Asset Mgmt. Corp.*, 908 F.3d 872, 878 (3d Cir. 2018). In other words, the court considers whether the proposed amendment plausibly states a claim for which relief may be granted. *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d

---

Section 6(E) provides:

> EXCEPT FOR IT'S CONFIDENTIALITY OR INDEMNITY OBLIGATIONS, OR ITS NEGLIGENCE OR WILLFUL MISCONDUCT, IN NO EVENT SHALL THE LIABILITY OF EITHER PARTY UNDER, ARISING OUT OF OR RELATED TO THIS AGREEMENT, THE DELIVERABLES, OR THE SERVICES EXCEED, TWO TIMES THE TOTAL FEES PAID OR PAYABLE BY CISION TO CONTRACTOR FOR THE PARTICULAR SERVICES OR DELIVERABLE WITH RESPECT TO WHICH SUCH LIABILITY RELATES (OR IN THE CASE OF ANY LIABILITY NOT RELATED TO A PARTICULAR PORTION OF THE SERVICES OR DELIVERABLES, THE TOTAL FEES PAID OR PAYABLE BY CISION TO CONTRACTOR UNDER THE APPLICABLE SOW), WHETHER SUCH LIABILITY IS BASED ON AN ACTION IN CONTRACT, WARRANTY, STRICT LIABILITY OR TORT, OR OTHERWISE.

(D.I. 28-1 at 3–4)

4

Cir. 2000). Here, the court finds that the proposed amendments adequately distinguish the breach of contract and breach of warranty claims and plausibly plead claims under both counts.

**8.** The original complaint's conclusory allegations that "CapTech breached the CapTech Agreement by failing and refusing to perform in accordance with the terms and obligations set forth in the CapTech Agreement" have been replaced with more detailed factual allegations. (D.I. 1 at ¶ 50) For example, the breach of contract count alleges that CapTech delayed performance of the work which held up the performance of other contractors. As a result of the delay, Cision incurred expenses for remediation, had an increase in staff turnover and sustained damages to its relationship with its customers. (D.I. 28-1 at ¶¶ 50–55) Similarly, the breach of warranty count details the consecutive postponements of the "end date" pursuant to the five SOWs, and deficiencies in services and deliverables that CapTech failed to cure under the warranty. CapTech demands a refund and/or reimbursement for the alleged breach. (*Id.* at ¶¶ 59–67)

**9.** Moreover, the proposed amendment to the breach of warranty count cures the notice deficiency in Cision's original complaint by affirmatively pleading that Cision provided written notice of the breach of warranty to CapTech on March 2, 2022. (D.I. 28-1 at ¶ 62) CapTech argues that the notice falls outside of the warranty period and cannot be extended by the "time of discovery" rule, therefore, the amendment is futile. (D.I. 29 at 10–11) Such an argument is a factual one which the court cannot resolve at the pleadings stage. The court finds that both the breach of contract and breach of warranty counts have been plausibly pled and makes no recommendation concerning whether Cision will ultimately prevail on its claim that it provided CapTech with timely written notice of the breach of warranty claim.

**10. Conclusion.** For the foregoing reasons, leave to amend the complaint is **GRANTED.** On or before August 1, 2025, Cision may file and serve CapTech with the Amended Complaint in the form attached as Exhibit A to DI 28. (D.I. 28-1)

**11.** This Memorandum Order is filed pursuant to 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(a), and D. Del. LR 72.1(a)(2). The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Memorandum Order. Fed. R. Civ. P. 72(a). The objections and responses to the objections are limited to four (4) pages each.

**12.** The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated March 7, 2022, a copy of which is available on the court's website, www.ded.uscourts.gov.

/s/ Sherry R. Fallon
UNITED STATES MAGISTRATE JUDGE