IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CISION US, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 24-63-MN |
| | ) |
| CAPTECH VENTURES, INC. | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM ORDER

At Wilmington, this 21st day of October, 2025,

On September 5, 2024, the parties, at the request of the Court, consented to Magistrate Judge Fallon's jurisdiction (D.I. 22) over Defendant's Motion to Dismiss (D.I. 6). By Memorandum Opinion and Order dated April 11, 2025, Judge Fallon granted the motion, dismissed Counts II, IV, VI and VIII of the Complaint without prejudice, and instructed Plaintiff to file any motion for leave to amend by May 1, 2025. (D.I. 26, 27). Plaintiff timely filed its motion to amend (D.I. 28), and by Oral Order dated May 5, 2025, the motion was referred to Judge Fallon. On July 21, 2025, Judge Fallon issued a Memorandum Order granting the motion to amend (D.I. 32) and docketed the First Amended Complaint wherein Plaintiff alleges breach of contract and breach of warranty (D.I. 33). On August 4, 2025, Defendant filed Objections, arguing that the Memorandum Order clearly erred by: (1) failing to find the Plaintiffs' breach of contract and breach of warranty claims duplicative, and (2) failing to fault Plaintiff for noncompliance with the notice provision in the agreement at issue (D.I. 36 at 2-4); *see also* Fed. R. Civ. Pro. 72(a). Plaintiff responded on August 18, 2025, arguing the Amended Complaint: (1) adequately pleads breach of contract arising from services and deliverables not performed, delivered, or partially performed; (2) adequately pleads breach of warranty arising from services and deliverables rendered but

1

rejected as nonconforming or defective; and (3) affirmatively pleads written notice, and at the very least, pleads a fact issue on such notice. (D.I. 37 at 2-3).

"When a party alleges a breach of contract and breach of warranty claim based on the same contractual provisions and facts, one claim *may* be dismissed as duplicative of the other." *Osram Sylvania Inc. v. Townsend Ventures*, LLC, 2013 Del. Ch. LEXIS 281, at *17-18 (Del. Ch. Nov. 19, 2023) (emphasis added). Because the "court may decline to consider a claim that is . . . redundant with another," *id.* at 6, the Memorandum Order appropriately exercised its discretion in declining to do so by finding that the breach of contract and breach of warranty claims arose under, different contractual provisions, different factual bases and sought different remedies. (D.I. 32 ¶¶ 5-6).

Under Delaware law, the "time of discovery rule applies to a claim for breach of an express warranty." *Marcucilli v. Boardwalk Builders, Inc.*, No. 99C-02-007, 2002 WL 1038818, at *4 (Del. Super. Ct. May 16, 2002). Here, the Memorandum Order properly reasoned that the notice for breach of warranty invokes a factual issue (D.I. 32 ¶ 8-9), at least in part because the Memorandum Order recognized the Amended Complaint pleads that "the actual date" of the nonconforming services "may have been later as CapTech consistently missed many milestones set forth in the Agreement," and therefore suffices to overcome dismissal. (*Id*. ¶ 8); (*see also* D.I. 33 ¶¶ 59-62).

THEREFORE, IT IS HEREBY ORDERED that Defendant's Objections to the Memorandum Order (D.I. 36) are OVERRULED.

*[signature: Maryellen Noreika]*
The Honorable Maryellen Noreika
United States District Judge